UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MOORE, | ) | |
| | ) | Case No. 07 C 7278 |
| Plaintiff, | ) | |
| | ) | Judge Andersen |
| v. | ) | |
| | ) | Magistrate Judge Mason |
| P.O. K. D. STEPHANS, Star #4337 and | ) | |
| P.O. G. D. ESCOBAR, Star #15824 | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANTS ANSWER TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

Defendants, Chicago Police Officers K. D. Stephans and G. D. Escobar, by their attorney, Sanjay H. Patel, Assistant Corporation Counsel for the City of Chicago, file this answer, affirmative defenses and jury demand to Plaintiff's complaint:

**COUNT I - FALSE ARREST**

1)   This action is brought pursuant to the Laws of the United States Constitution, specifically 42 U.S.C. §1983 and 1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the Defendant committed under color of law.

**ANSWER:**   Defendants admit that this action is brought pursuant to 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois.  Defendants deny any wrongful conduct alleged in plaintiff's complaint.

2)   Jurisdiction is based on Title 28 U.S.C. §1331 and §1343.

**ANSWER:**   Defendants admit that jurisdiction is proper with this Court.

3)   The Plaintiff, JAMES MOORE, at all relevant times a United States citizen and permanent resident of the State of Illinois.

1

  **ANSWER:** Upon information and belief, Defendants admit the allegations contained in paragraph 3 of Count I.

  4) The Defendants, P.O. K. D. STEPHANS STAR #4337 and P.O. G. D. ESCOBAR, STAR #15824 were at all relevant times a duly appointed police officers of the City of Chicago and at all relevant times, were acting within his scope of employment and under color of law.

  **ANSWER:** Defendants admit the allegations contained in paragraph 4 of Count I.

  5) On or about January 7, 2007, the Plaintiff was walking in the vicinity of 31st and Rose in the City of Chicago.

  **ANSWER:** Defendants deny the allegations contained in paragraph 5 of Count I.

  6) The Plaintiff was not committing a crime or breaking any laws.

  **ANSWER:** Defendants deny the allegations contained in paragraph 6 of Count I.

  7) The Defendants pulled up to the Plaintiff.

  **ANSWER:** Defendants deny the allegations contained in paragraph 7 of Count I.

  8) The Defendants grabbed him then threw him to the ground and intentionally injured his arm.

  **ANSWER:** Defendants deny the allegations contained in paragraph 8 of Count I.

  9) The Defendants arrested the Plaintiff and charged with possession of narcotics.

  **ANSWER:** Defendants admit the allegation contained in paragraph 9 of Count I.

  10) The Plaintiff did not commit any crime and did not have any drugs.

  **ANSWER:** Defendants deny the allegations contained in paragraph 10 of Count I.

  11) The Defendants did not have probable cause to stop and search the Plaintiff.

  **ANSWER:** Defendants deny the allegations contained in paragraph 11 of Count I.

  12) The Defendants did not have probable cause to arrest the Plaintiff.

  **ANSWER:** Defendants deny the allegations contained in paragraph 12 of Count I.

13) The Defendants did not have probable cause to charge the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in paragraph 13 of Count I.

14) Said actions of Defendants P.O. K. D. STEPHANS STAR #4337 and P.O. G. D. ESCOBAR, STAR #15824, were intentional willful and wanton.

**ANSWER:** Defendants deny the allegations contained in paragraph 14 of Count I.

15) Said actions of Defendants P.O. K. D. STEPHANS STAR #4337 and P.O. G. D. ESCOBAR, STAR #15824 violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained in paragraph 15 of Count I.

16) As a direct and proximate consequence of said conduct of Defendants, P.O. K. D. STEPHANS STAR #4337 and P.O. G. D. ESCOBAR, STAR #15824; the Plaintiff, JAMES MOORE, suffered violation of his constitutional rights, monetary expense, monetary loss, fear, emotional distress, pain, and suffering.

**ANSWER:** Defendants deny the allegations contained in paragraph 16 of Count I.

## COUNT II - EXCESSIVE FORCE

1-8) The Plaintiff hereby realleges and incorporate their allegations of paragraphs 1-8 as his respective allegations of paragraphs 1-8 of Count II as though fully set forth herein.

**ANSWER:** Defendants reassert their answers to paragraphs 1-8 as if fully set forth herein.

9) Said use of force was unprovoked.

**ANSWER:** Defendants deny the allegation contained in paragraph 9 of Count II.

10) Said use of force was excessive and, unreasonable.

**ANSWER:** Defendants deny the allegations contained in paragraph 10 of Count II.

11) As a result of the force used by the Defendants, the Plaintiff JAMES MOORE was injured.

**ANSWER:** Defendants admit plaintiff was injured. Defendants deny the remaining

allegations contained in paragraph 11 of Count II.

12)    Said actions of Defendants, P.O. K. D. STEPHANS STAR #4337 and P.O. G. D. ESCOBAR, STAR #15824, were intentional willful and wanton

**ANSWER:**    Defendants deny the allegations contained in paragraph 12 of Count II.

13)    Said actions of the Defendants, P.O. K. D. STEPHANS STAR #4337 and P.O. G. D. ESCOBAR, STAR #15824, violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C.§1983.

**ANSWER:**    Defendants deny the allegations contained in paragraph 13 of Count II.

14)    As a direct and proximate consequence of said conduct of the Defendants, P.O. K. D. STEPHANS STAR #4337 and P.O. G. D. ESCOBAR, STAR #15824, the Plaintiff, JAMES MOORE, suffered a violation of his constitutional rights, monetary expense, monetary loss, fear, emotional distress, pain, and suffering.

**ANSWER:**    Defendants deny the allegations contained in paragraph 14 of Count II.

WHEREFORE, Defendants Stephans and Escobar respectfully request that judgment be entered in their favor on all count and against plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

### AFFIRMATIVE DEFENSES

1.    As to all Federal claims, at all times alleged in Plaintiff's Complaint, a reasonable Police Officer, objectively viewing facts and circumstances then confronting Defendant Chicago Police Officers during the incident which allegedly provides the basis for the present case, could have reasonably believed the actions taken by them were objectively reasonable and were within Constitutional limits that were clearly established at the time.  Defendant Chicago Police Officers are, therefore, entitled to qualified immunity.

2.    Where Defendant Chicago Police Officers may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by

application of principles of comparative fault in proportion to the amount of the willful and wanton and intentional conduct of Plaintiff's which were the proximate cause of these injuries.

3. Probable cause is an absolute defense to a Section 1983 false arrest claim and a state law claim of malicious prosecution.

4. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendants respectfully request a trial by jury.

Respectfully submitted,
*s/ SanjayPatel*
SANJAY H. PATEL
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-3902
(312) 744-6566 (Fax)
Atty. No. 06272840